UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JHEAN MARCO TRAVI CAEBAJAL (A-Number: 240-412-834),

Petitioner,

v.

WARDEN, et al.,

Respondents.

No. 2:26-cv-00894-KES-EPG (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, AND REQUIRING BOND HEARING WITHIN FOURTEEN (14) DAYS

Docs. 1, 18

Petitioner Jhean Marco Travi Caebajal is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 30, 2026, the assigned magistrate judge issued findings and recommendations that recommended granting the petition and ordering that petitioner be provided a bond hearing. Doc. 18. The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen days after service. The Court granted an extension of time, and on October 16, 2026, respondents filed a one sentence objection, stating "[f]or the reasons set forth in Respondents' previous briefing, Respondents object to the Magistrate Judge's Findings and Recommendation." Doc. 21.

In accordance with 28 U.S.C. § 636(b)(1), the Court reviewed the matter de novo. Having carefully reviewed the file, including respondents' objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

The Court ORDERS:

1. The findings and recommendations, Doc. 18, are ADOPTED in full.
2. The petition for writ of habeas corpus, Doc. 1, is GRANTED.
3. Respondents are ORDERED to provide petitioner Jhean Marco Travi Caebajal (A-Number: 240-412-834) with a bond hearing with a bond hearing before an immigration judge to be held within fourteen (14) days that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), at which:
   a. "the government must prove by clear and convincing evidence that [petitioner] is a flight risk or a danger to the community to justify denial of bond," *Singh*, 638 F.3d at 1203, and
   b. the immigration judge should consider petitioner's financial circumstances or alternative conditions of release in the event petitioner is determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond.
4. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' notice before the bond hearing in a language that he can understand.
5. Petitioner may be represented by an attorney at this hearing, and respondents may extend the deadline at petitioner's request so that he can obtain an attorney. If petitioner obtains an attorney, his attorney shall also be given 72 hours' notice before the bond hearing.
6. If respondents do not provide petitioner with a bond hearing within fourteen days, then respondents must release him.

//

//

//

//

//

7. The Clerk of Court is directed to close this case and enter judgment for petitioner.
8. The Clerk is directed to terminate any remaining motions as moot.
9. The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated: October 26, 2026

UNITED STATES DISTRICT JUDGE